Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/06/2017 09:08 AM CST

State of Nebraska, appellee, v.
Shannon L. Baxter, appellant.
___ N.W.2d ___

Filed January 6, 2017.    No. S-16-237.

1. **Criminal Law: Motions for Continuance: Appeal and Error.** A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

3. **Motions for Continuance: Appeal and Error.** A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial.

4. **Criminal Law: Motions for Continuance: Appeal and Error.** Where the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion.

5. **Sentences: Appeal and Error.** A determination of whether there are substantial and compelling reasons under Neb. Rev. Stat. § 29-2204.02(2)(c) (Supp. 2015) is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion.

6. **Sentences.** The court may fulfill the requirement of Neb. Rev. Stat. § 29-2204.02(3) (Supp. 2015) to state its reasoning on the record by a combination of the sentencing hearing and sentencing order.

7. **Sentences: Presentence Reports.** The court's determination of substantial and compelling reasons under Neb. Rev. Stat. § 29-2204.02(2)(c) (Supp. 2015) should be based on a review of the record, including the presentence investigation report and the record of the trial, and its determination must be supported by such record.

Appeal from the District Court for Franklin County: STEPHEN R. ILLINGWORTH, Judge. Affirmed.

Richard Calkins, of Calkins Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Shannon L. Baxter appeals the sentences imposed by the district court for Franklin County upon her plea-based convictions for possession of a controlled substance and unlawful acts relating to drugs. The court imposed sentences of imprisonment for each conviction and ordered the sentences to be served concurrent with one another. On appeal, Baxter claims, inter alia, that the court did not follow Neb. Rev. Stat. § 29-2204.02 (Supp. 2015), enacted as part of 2015 Neb. Laws, L.B. 605, when it found that with regard to the Class IV felony possession conviction, she was not a suitable candidate for probation and should instead be sentenced to imprisonment. We affirm Baxter's sentences.

## STATEMENT OF FACTS

Pursuant to a plea agreement, the State dropped certain charges against Baxter and filed an amended information charging her with two counts: (1) possession of a controlled substance, in violation of Neb. Rev. Stat. § 28-416(3) (Supp. 2015), a Class IV felony, and (2) unlawful acts relating to drugs, in violation of Neb. Rev. Stat. § 28-417(1)(f) (Reissue 2016), a Class III misdemeanor. The State alleged in count I that on or about September 28, 2015, Baxter had knowingly and intentionally possessed a controlled substance. The State alleged in count II that on or about May 29, 2015, Baxter had possessed a prescribed controlled substance in a

container other than that in which it was delivered to her by a practitioner.

On November 5, 2015, Baxter pled no contest to the two counts. The district court accepted her pleas and found her guilty of both offenses. The court set sentencing for February 4, 2016. On January 25, Baxter filed a motion for continuance of the sentencing "to allow [her] sufficient time to obtain an [sic] drug and alcohol evaluation, and time for the probation office to complete a presentence investigation." The court overruled the motion and confirmed that sentencing was set for February 4.

Because Baxter's conviction for possession of a controlled substance was a Class IV felony which arose from events that occurred on September 28, 2015, sentencing on that conviction was subject to § 29-2204.02, enacted as part of L.B. 605, with an effective date of August 30, 2015. Section 29-2204.02, which is set forth in full in our analysis below, provides in part that when the offense is a Class IV felony, the court shall impose a sentence of probation unless, inter alia, there are "substantial and compelling reasons" that community supervision will not be an effective and safe sentence.

Following the sentencing hearing, the court in this case found that Baxter was not a suitable candidate for probation and that there were substantial and compelling reasons why she could not effectively and safely be supervised in the community on probation. The court therefore sentenced Baxter to imprisonment for 2 years followed by 12 months of postrelease supervision following her release from incarceration for the possession conviction, and to imprisonment for 3 months for the unlawful acts conviction. The court ordered the sentences of imprisonment to be served concurrent with one another. The sentences imposed were the maximum allowable sentences under Neb. Rev. Stat. § 28-105 (Supp. 2015) for a Class IV felony and under Neb. Rev. Stat. § 28-106 (Supp. 2015) for a Class III misdemeanor.

Baxter appeals her sentences.

## ASSIGNMENTS OF ERROR

Baxter claims, summarized, that the district court erred when it (1) overruled her motion to continue the sentencing hearing and (2) found that she was not a suitable candidate for probation and instead sentenced her to imprisonment.

## STANDARDS OF REVIEW

[1,2] A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Ash*, 286 Neb. 681, 838 N.W.2d 273 (2013). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

## ANALYSIS

*District Court Did Not Abuse Its Discretion*
*When It Overruled Baxter's Motion*
*to Continue Sentencing.*

Baxter first claims that the district court erred when it overruled her motion to continue the sentencing hearing. She contends that the court abused its discretion because it did not grant her motion which asserted that she needed a continuance to "allow [her] sufficient time to obtain an [sic] drug and alcohol evaluation." She argues that because she was not allowed additional time to complete the evaluation, the court did not have "all available and relevant information about [her] substance abuse issues" before it imposed sentence. Brief for appellant at 14. We conclude that the court did not abuse its discretion when it overruled the motion.

[3,4] We have said that a court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011). We have also said that "[w]here the criminal defendant's motion for continuance is based upon the occurrence or

nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion." *State v. Eichelberger*, 227 Neb. 545, 556, 418 N.W.2d 580, 588 (1988). We determine that both these principles militate against a finding that the court abused its discretion.

With regard to prejudice, we have reviewed the presentence investigation report which included ample information regarding Baxter's substance abuse issues. Such information included a narrative of a probation officer's interview with Baxter in which she reported on her past substance use and her completion of a substance abuse treatment program. The report included the results of a "risk and needs assessment instrument" which indicated that Baxter had a low risk with respect to alcohol, but her risk with respect to drugs was in the maximum range. The report included a narrative excerpt from the assessment which stated, inter alia, that "[s]erious drug related problems are indicated" and that "[r]elapse risk is high." The probation officer noted that Baxter had been referred for a substance abuse evaluation but that the officer had not yet received the evaluation.

Baxter argues that the court had incomplete information because it did not have the substance abuse evaluation; however, she does not specify what information is lacking or how it might have affected the court's sentencing decision. We note further that at the sentencing hearing, Baxter had the opportunity to present information or argument regarding her substance abuse issues.

Regarding "the occurrence or nonoccurrence of events within the defendant's own control," see *State v. Eichelberger*, 227 Neb. at 556, 418 N.W.2d at 588, we note that the probation officer's report included the statement that Baxter "does not appear to be motivated to participate in any type of supervision" and specifically that "[b]etween November 12[, 2015,] and January 12, [2016,] this officer . . . set appointments to see [Baxter] on 12/10, 12/31 and 1/6" but that Baxter "did not show for the scheduled appointments." Baxter eventually

reported for an appointment on January 12, 2016, at which time she was referred for a substance abuse evaluation. The State argues that the lack of a completed evaluation at the time of sentencing was due to Baxter's own failure to appear for the earlier scheduled appointments with the probation officer, at which time she would normally have been referred for an evaluation.

Given Baxter's inaction until January 12, 2016, we determine that the delay in completion of the evaluation was due to events within Baxter's own control. Further, Baxter has not shown that she suffered prejudice as a result of the overruling of her motion to continue the sentencing. We therefore conclude that the district court did not abuse its discretion when it overruled Baxter's motion to continue.

*District Court Did Not Abuse Its Discretion When
It Determined That There Were Substantial and
Compelling Reasons That Baxter Could Not
Effectively and Safely Be Supervised in
the Community on Probation.*

Baxter next claims that the district court erred when it found that she was not a suitable candidate for probation and instead sentenced her to imprisonment. We conclude that the court did not abuse its discretion in sentencing Baxter.

Baxter's arguments implicate statutory changes resulting from the enactment of L.B. 605, and, in particular, the framework for sentencing offenders for Class IV felonies. Under § 29-2204.02, the court shall impose a sentence of probation for a Class IV felony unless, inter alia, there are substantial and compelling reasons that community supervision will not be an effective and safe sentence. We note that further amendments were made to § 29-2204.02 and other statutes with an effective date of April 20, 2016. In this opinion, we discuss and quote the version of § 29-2204.02 which is set forth by L.B. 605 and which was in effect at the relevant times in this case. Section 29-2204.02 provided in relevant part as follows:

(1) Except when a term of probation is required by law, in imposing a sentence upon an offender for a Class III, IIIA, or IV felony, the court shall:

(a) Impose a sentence of imprisonment within the applicable range in section 28-105; and

(b) Impose a sentence of post-release supervision, under the jurisdiction of the Office of Probation Administration, within the applicable range in section 28-105.

(2) If the criminal offense is a Class IV felony, the court shall impose a sentence of probation unless:

(a) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony;

(b) The defendant has been deemed a habitual criminal pursuant to section 29-2221; or

(c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260. Unless other reasons are found to be present, that the offender has not previously succeeded on probation is not, standing alone, a substantial and compelling reason.

(3) If a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided in subsection (1) of this section.

Neb. Rev. Stat. § 29-2260 (Supp. 2015), to which reference is made in § 29-2204.02(2)(c), provided in relevant part as follows:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds

that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

We first address our standard of review for a court's determination under § 29-2204.02(2)(c) that there "are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community." Our general standard with respect to sentencing decisions is that an appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Trice*, 292 Neb. 482, 874 N.W.2d 286 (2016). We have also said that whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). But § 29-2204.02(2) effectively adds a general limitation on a court's discretion in choosing between probation and incarceration with respect to a Class IV felony, because it requires a court to impose a sentence of probation for a Class IV felony unless certain specified exceptions are present; one of those exceptions is "substantial and compelling reasons" described under § 29-2204.02(2)(c).

[5] Within the framework of this general limitation on the sentencing court's discretion with respect to Class IV felonies under § 29-2204.02(2), we see nothing in the statute that would cause us to conclude that the specific determination of whether there are substantial and compelling reasons under § 29-2204.02(2)(c) is not within the court's historical range of discretion. Although § 29-2204.02(2)(c) provides guidelines, a determination thereunder is essentially a part of the conventional decision whether probation or incarceration is ordered. We therefore hold that a determination of whether there are substantial and compelling reasons under § 29-2204.02(2)(c) is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion.

Baxter's arguments require us to consider two other questions: (1) How does a court meet its obligation under

§ 29-2204.02(3) to "state its reasoning on the record" when it determines that probation will not be imposed? (2) What sort of facts constitute valid reasons that may be substantial and compelling under § 29-2204.02(2)(c)? To assist us in answering these questions, we review the substance and form of how the district court in this case stated its reasoning for rejecting probation.

At the sentencing hearing, the court explained the substantial and compelling reasons that led it to determine that Baxter was not a suitable candidate for probation. Regarding Baxter's history with probation, the court stated that she had been placed on probation for three prior offenses—in 1996, 1998, and 2002—and that each probation had been revoked and she had been sentenced to imprisonment. Regarding the likelihood that the circumstances that resulted in her current crimes would recur, the court stated that Baxter had scored 90 percent or higher, in the maximum risk range, for the factors "drugs," "violence," and "antisocial." The court further stated that although it had ordered Baxter to do an evaluation 3 months before the sentencing, she had "just got around to it in the last three weeks." The court further stated that after the plea and before sentencing, Baxter "did not appear for scheduled appointments," and that the probation report stated that she "did not appear to be motivated to participate in supervision."

In the sentencing order containing the court's decision to sentence Baxter to imprisonment rather than probation, the court stated as follows:

The Court finds that [Baxter] is not a suitable candidate for probation and that there are substantial and compelling reasons why [Baxter] cannot effectively and safely be supervised in the community on probation. These reasons are as follows:

(1) [Baxter] failed to comply and had probation revoked in 3 previous cases;

(2) A lesser sentence would depreciate the seriousness of [Baxter's] crime[s];

(3) A lesser sentence would promote disrespect for the law;

(4) The risk is substantial that during the period of probation, [Baxter] will engage in additional criminal conduct;

(5) [Baxter] has not lead a law-abiding life for a substantial period of her life; and

(6) The crime was not the result of circumstances unlikely to recur.

Having recited portions of the record, we now address the requirement under § 29-2204.02(3) that "[i]f a sentence of probation is not imposed, the court shall state its reasoning on the record . . . ." Section 29-2204.02 generally tips the balance in sentencing for a Class IV felony toward probation. Section 29-2204.02(3) reinforces this balance by obligating the court to state its reasoning for withholding probation on the record. This may suggest that if the court is having difficulty articulating its reasoning for imposing a sentence of imprisonment on the record, then the court should impose a sentence of probation.

Under § 29-2204.02(3), the court is required to state its "reasoning" rather than its "reasons" on the record. Baxter argues that the court in this case did not meet the requirement of § 29-2204.02(3) because, looking only at the sentencing order, the court merely listed reasons it found to be substantial and compelling, but did not explain its reasoning. We agree that "reasoning" means that the court should not simply supply a list of reasons, but, instead, should demonstrate how it reached its determination that there were substantial and compelling reasons. However, the requirement that a court state its reasoning "on the record" does not limit the expression of the court's reasoning to the sentencing order. The "record" also includes statements the court makes when it pronounces sentence.

[6] In the present case, the district court stated and explained its reasoning when it pronounced sentence by, inter alia, giving specific examples of information from the presentence investigation report that led the court to determine that certain substantial and compelling reasons were present. The written sentencing order was more conclusory than explanatory. The court may fulfill the requirement of § 29-2204.02(3) to state its reasoning on the record by a combination of the sentencing hearing and sentencing order, as the court did in this case.

We next consider whether the reasons the district court gave were substantial and compelling reasons within the meaning of § 29-2204.02(2)(c). The statute itself does not define the phrase substantial and compelling. However, the statute provides some guidance as to what sort of reasons may validly be considered substantial and compelling. In this regard, we note that § 29-2204.02(2)(c) provides that such reasons include but are not limited to "the criteria in subsections (2) and (3) of section 29-2260." In its sentencing order, the district court listed six reasons it found to be substantial and compelling; five of the six appear to be derived from subsections (2) and (3) of § 29-2260, which are set forth above. Under § 29-2204.02(2)(c), these were valid reasons to impose a sentence of incarceration rather than probation.

The other reason the district court gave was that Baxter "failed to comply and had probation revoked in 3 previous cases." Section 29-2204.02(2)(c) provides that "[u]nless other reasons are found to be present, that the offender has not previously succeeded on probation is not, standing alone, a substantial and compelling reason." We do not read this sentence to mean that a previous failure or failures to complete probation cannot be among the substantial and compelling reasons. Instead, we read it to mean that probation failure standing alone is not a sufficient reason to withhold probation. In the present case, the court found other substantial and compelling reasons, and therefore, under § 29-2204.02(2)(c),

it was not improper to consider Baxter's previous failures at probation as additional substantial and compelling reasons. We therefore determine that the reasons given by the court, which included criteria derived from § 29-2260 and other reasons, were valid reasons for the court's consideration under § 29-2204.02(2)(c).

[7] Having determined that the reasons given by the court in this case were valid reasons under § 29-2204.02(2)(c) and that the court adequately stated its reasoning on the record, we must determine whether the court abused its discretion when it determined that the stated reasons were substantial and compelling. As noted above, the statute does not specifically define the phrase "substantial and compelling." However, both terms have commonly understood meanings and it is within the court's discretion to determine that its reasons are weighty enough to be substantial and compelling. The court's determination of substantial and compelling reasons should be based on a review of the record, including the presentence investigation report and the record of the trial, and its determination must be supported by such record.

In the present case, we conclude that the record supports the court's determination that there were substantial and compelling reasons to withhold probation. In addition to the specific reasons and examples from the presentence investigation report stated by the court at the sentencing hearing and in its sentencing order set forth above, we note that in the presentence investigation report, the probation officer stated that when Baxter was asked how a term of probation would affect her life, Baxter replied, "'Won't affect my life. Didn't affect my life until I screwed up.'" From this and other observations in the presentence investigation report, it appears that if Baxter were put on probation, she would be subject to influences that gave rise to the crimes for which she was convicted and that probation would not affect her behavior. We believe the record shows that Baxter cannot effectively and safely be supervised in the community. The record supports the court's

determination, and we conclude that the court did not abuse its discretion when it determined that there were substantial and compelling reasons that probation would not be an effective and safe sentence.

## CONCLUSION

We conclude that the district court did not abuse its discretion when it overruled Baxter's motion to continue sentencing. We further conclude that the court did not abuse its discretion when it determined that there were substantial and compelling reasons under § 29-2204.02(2)(c) that Baxter could not effectively and safely be supervised in the community on probation. We therefore affirm Baxter's sentences of imprisonment.

AFFIRMED.