IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HOPKINS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SALLY A. HOPKINS, APPELLANT.

Filed June 12, 2018.    Nos. A-17-878, A-17-880.

Appeals from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Linsey Camplin, of McHenry, Haszard, Roth, Hupp, Burkholder & Blomenberg, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

### INTRODUCTION

Sally A. Hopkins pled no contest to, and was convicted of, two counts of theft by shoplifting ($500 or less), third or subsequent offense, and one count of theft by shoplifting ($500 or less), second offense. She appeals from her sentences, claiming they are excessive. She also claims the Lancaster County District Court failed to sufficiently state on the record its reasoning for not imposing a sentence of probation. Finding no abuse of discretion, we affirm.

### BACKGROUND

Hopkins was charged by information in two separate cases; both informations were filed on October 13, 2016. In CR 16-1471 (appellate case No. A-17-878), Hopkins was charged with one count of theft by shoplifting ($500 or less), third or subsequent offense, a Class IV felony, in

accordance with Neb. Rev. Stat. §§ 28-511.01 and 28-518(6) (Reissue 2016). The offense at issue in that case took place in December 2015. Under the same statutory authority, Hopkins was charged in CR 16-1463 (appellate case No. A-17-880), with three counts of theft by shoplifting ($500 or less), third or subsequent offense, all Class IV felonies. The offenses at issue in that case took place on three separate dates in July 2016.

As part of a plea agreement, the State agreed to amend the information in CR 16-1463 to one count of theft by shoplifting ($500 or less), third or subsequent offense, a Class IV felony, and one count of theft by shoplifting ($500 or less), second offense, a Class I misdemeanor. The third count was dismissed, and the State also agreed to dismiss the charges in a separate case (CR 17-135) entirely. Hopkins agreed to plead no contest to the charge in CR 16-1471 and the amended charges in CR 16-1463. At the plea hearing, Hopkins represented that $373.85 in restitution had already been paid.

The factual basis provided by the State in CR 16-1471 states that Hopkins was observed at a department store in Lincoln, Nebraska, on December 10, 2015. After selecting items of children's clothing and two children's toys, Hopkins proceeded to a fitting room and concealed the clothing and toys in a large plastic shopping sack she was carrying with her. Upon exiting the fitting room, she walked out the doors towards her vehicle. An employee followed her out of the store and confronted her. Hopkins handed over one of the toys and said, "I didn't take anything but this." Hopkins then left in a Nebraska-plated vehicle. A police officer was able to confirm and positively identify Hopkins as the person responsible and determined the vehicle was also registered to her. The items taken had an approximate value of $139.

The factual basis provided by the State in CR 16-1463, Count I, states that on July 15, 2016, Hopkins was observed by video leaving a grocery store located in Lincoln without paying for three bottles of alcohol and a reusable grocery bag. She placed the liquor in the reusable bag and then left the store without paying, passing all points of sale. The total value of the items taken was $67.96. As to Count II, Hopkins was again observed by video leaving the same location on July 19, with five bottles of alcohol and some "bakery buns" which she placed in a reusable grocery bag. She left the store and passed all points of sale without paying for those items. The total value of the items taken was $131.94.

The district court accepted Hopkins' no contest pleas and found her guilty of the single count in CR 16-1471 and both counts in CR 16-1463; pursuant to the plea agreement, the court also dismissed Count III of CR 16-1463, and dismissed CR 17-135 entirely. A sentencing hearing took place on August 10, 2017. Hopkins was sentenced in CR 16-1471 to 150 days in jail, followed by 9 months' post-release supervision. In CR 16-1463, Count I (theft, third offense), she was sentenced to 150 days in jail, followed by 9 months' postrelease supervision; and for Count II (theft, second offense) she was sentenced to 90 days in jail. All sentences were to be served consecutively. Hopkins appeals from both cases, and at the State's request, the cases have been consolidated for disposition on appeal.

## ASSIGNMENTS OF ERROR

Hopkins assigns in each case that the district court erred by (1) imposing excessive sentences and (2) failing to sufficiently state on the record its reasoning for denying sentences of probation.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

A determination of whether there are substantial and compelling reasons under Neb. Rev. Stat. § 29-2204.02 (Reissue 2016) why a defendant cannot effectively and safely be supervised in the community is within the trial court's discretion, and a decision to withhold probation on such basis will not be reversed on appeal absent an abuse of discretion. *State v. Dyer,* 298 Neb. 82, 902 N.W.2d 687 (2017).

## ANALYSIS

### EXCESSIVE SENTENCES

Hopkins claims the district court erred by sentencing her to 150 days in jail, followed by 9 months' postrelease supervision, for each of the two counts of theft (third or subsequent offense), and 90 days in jail for the one count of theft (second offense). She contends the court should have ordered probation or a lesser term of incarceration. She argues the district court failed to give sufficient weight to mitigating factors, such as Hopkins' mental health and her desire to better herself. Hopkins concedes the sentences were within the statutory limits, but argues they exceed the minimum period necessary to protect the public. She suggests her lack of a violent criminal history and her efforts to seek help for her mental health issues mitigate against the need for a lengthy jail sentence.

Theft by shoplifting ($500 or less), is a Class I misdemeanor for a second conviction, and a Class IV felony for a third or subsequent conviction. See § 28-518(6). A Class I misdemeanor is punishable by up to 1 year of imprisonment, a $1,000 fine, or both; there is no minimum requirement. See Neb. Rev. Stat. § 28-106(1) (Reissue 2016). A Class IV felony is punishable by up to 2 years' imprisonment and 12 months' postrelease supervision, a $10,000 fine, or both; there is no minimum term of imprisonment, but a minimum of 9 months' postrelease supervision is required if imprisonment is imposed. See Neb. Rev. Stat. § 28-105(1) (Reissue 2016). As acknowledged by Hopkins, her sentences are within the statutory limits. We therefore consider whether the district court abused its discretion when sentencing Hopkins to the terms of imprisonment noted. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hunt, supra*.

When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Wofford,* 298 Neb. 412, 904 N.W.2d 649 (2017).

Hopkins participated in a presentence investigation (PSI) prior to sentencing. The resulting report states Hopkins was 32 years old at the time of sentencing and she has five children. Hopkins completed high school and some college classes; she was not employed full time, but was self-employed as an unlicensed hair stylist. Hopkins does not appear to have any substance abuse issues, though she reported significant use of drugs and alcohol previously. A "Summary of Clinical History" submitted by Lutheran Family Services states Hopkins is diagnosed with major depressive disorder, "PTSD," and Kleptomania.

Hopkins has an extensive prior criminal history including numerous convictions for theft-related charges as an adult, as well as numerous convictions for various other offenses. As part of the PSI, the probation officer conducted a level of service/case management index, on which Hopkins was scored as a "high" risk to reoffend with a total score of 29. She was assessed as a "very high" risk in the following criminogenic risk factors: criminal history and antisocial pattern. She was assessed as a "high" risk for: education/employment, family/marital, and companions. The report also noted that Hopkins has experienced problems during prior probation terms, including incurring new charges while under probationary supervision in the past; she also had probation violation reports filed for failure to refrain from unlawful conduct.

Hopkins claims her sentences were longer than necessary to protect society, given the nature of the crimes. She argues that "[o]n those occasions when sentences have been reduced as excessive, lack of a prior record and cooperation with authorities are generally crucial factors in the appellate decisions" and that she "does not have a prior felony record." Brief for appellant at 8. "She has been working, raising her children, receiving treatment for her kleptomania, and essentially turning her life around prior to sentencing." *Id*.

Although Hopkins has managed to avoid felony convictions, her prior record is nevertheless extensive, especially with regard to convictions for theft-related violations. Several of her theft by shoplifting offenses were initially filed as felony charges, but Hopkins received the benefit of amended charges resulting in misdemeanor convictions. Notably, Hopkins was also given the benefit of probation in several of her past shoplifting convictions: she was sentenced to 18 months' probation in 2006 and was released in 2007; she was sentenced to 2 years' probation in 2011, but violated probation twice and was unsatisfactorily released in 2013; and in 2012, she was sentenced to 12 months' probation, but it was revoked and she was sentenced to jail. Hopkins was again convicted for theft by shoplifting in 2013 and was sentenced to 270 days in jail. Despite multiple opportunities to avoid felony convictions and despite multiple opportunities to take advantage of probation to get her life on a better track, Hopkins nevertheless engaged in the unlawful acts which resulted in the present convictions and sentences. We also note that Hopkins has been convicted of other crimes: insufficient check (2006, 30 days in jail); steal money or goods (2005, fine); suspended license (2006, fine); flee motor vehicle to avoid arrest (2006, fine); disturbing the peace (2010, fine); and tampering with fire-protection equipment (2010, fine).

The district court described the factors considered in sentencing: age, mentality, education, experience, social and cultural background, past criminal record and law-abiding conduct, the motivation for the offense, the nature of the offense, and the presence or absence of violence; all of which the court stated it had considered. The court also reviewed the information contained in the PSI, along with the updated information it received. The court took into consideration that the pleas saved having a trial, and also considered Hopkins' employment, her minor children, her

expression of remorse, and her steps towards rehabilitation. Having regard for the nature and circumstances of the crimes and the history, character, and condition of Hopkins, the court concluded there was a substantial and compelling reason not to place Hopkins on probation. The court stated that a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. The court also expressed concern that Hopkins would engage in additional criminal conduct if sentenced to probation. The court further noted that Hopkins actions were not provoked by the victim and there was no reason justifying or excusing the offense.

Further, the court said it "cannot find the character and attitude of [Hopkins] indicate that she's unlikely to commit other crimes." The court ordered Hopkins to "a term of incarceration, followed by a post-release supervision period," noting "it will be a significant amount of time . . . for [Hopkins] to continue working on the issues" noted by Hopkins' attorney and the evaluation. The court also pointed out that Hopkins had previously been sentenced to 270 days in jail on a similar count (July 2013, theft by shoplifting, $200 or less, third or subsequent offense), and told her she was "getting some benefit here by a lowering of days on each one, and the other offense being only brought as a second instead of a third, and so a benefit of the plea." The court added, "That's taking into consideration the steps you've taken and your minor children, so it's important for you to get this stuff worked out, and you are getting a benefit of treatment and work you've done[.]"

As described above, Hopkins has had multiple opportunities to take advantage of sentences of probation to get her life back on track when she was convicted of similar crimes in the past. The court expressed the need for Hopkins to have a "significant amount of time" to work on the issues causing her to engage in unlawful acts. Based on the court's reasoning detailed above and our review of the record, we find no abuse of discretion by the district court in sentencing Hopkins to incarceration rather than probation, nor in the length of the sentences imposed by the court.

REASONS FOR NOT IMPOSING PROBATION SUFFICIENTLY STATED

Hopkins claims the district court failed to sufficiently state on the record its reasoning for not imposing a sentence of probation as required by § 29-2204.02. Section 29-2204.02(2) states that "the court shall impose a sentence of probation" for a Class IV felony conviction, unless certain exceptions apply. In this case, the relevant exception to imposing probation under § 29-2204.02(2) is a finding by the court that substantial and compelling reasons exist as to why Hopkins "cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260." § 29-2204.02(2)(c). When considering a sentence for a misdemeanor or felony conviction for which no mandatory or mandatory minimum imprisonment is required, these subsections provide criteria for a court to consider as it weighs whether to impose a sentence of imprisonment or a sentence of probation.

Section 29-2260(2) provides factors which weigh against probation, such as when, having regard to the nature and circumstances of the crime, and the history, character, and condition of the offender, the court finds that imprisonment is necessary for the protection of the public because: the risk is substantial the offender is likely to engage in additional criminal conduct, or the offender needs correctional treatment that can be most effectively provided by commitment to a correctional facility, or a lesser sentence will depreciate the seriousness of the crime or promote disrespect for the law.

Section 29-2260(3) provides factors for the court to consider which favor probation, including, as relevant here, that the crime did not cause or threaten serious harm, the offender compensated or will compensate the victim for damage sustained, the offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime, the crime was the result of circumstances unlikely to recur, the character and attitudes of the offender indicate she is unlikely to commit another crime, the offender is likely to respond affirmatively to probationary treatment, and imprisonment of the offender would entail excessive hardship to her dependents.

The Nebraska Supreme Court has noted that § 29-2204.02 "generally tips the balance in sentencing for a Class IV felony toward probation[,]" and obligating the court to state its reasoning for withholding probation on the record "may suggest that if the court is having difficulty articulating its reasoning for imposing a sentence of imprisonment on the record, then the court should impose a sentence of probation." *State v. Baxter*, 295 Neb. 496, 506, 888 N.W.2d 726, 734 (2017). Although "the statute does not specifically define the phrase 'substantial and compelling,'" "both terms have commonly understood meanings and it is within the court's discretion to determine that its reasons are weighty enough to be substantial and compelling." *Id*. at 508, 888 N.W.2d at 735.

Further, § 29-2204.02(3) states, "If a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided in subsection (1) of this section." This section requires the court "to state its 'reasoning' rather than its 'reasons' on the record." *State v. Baxter*, 295 Neb. at 506, 888 N.W.2d at 734. The court may fulfill this statutory requirement to state its reasoning on the record "by a combination of the sentencing hearing and sentencing order[.]" *Id.* at 507, 888 N.W.2d at 735.

Hopkins argues, "The court read the factors as listed in the sentencing order, but did not elaborate or specifically articulate any further on the reasons the factors were met by [Hopkins]." Brief for appellant at 11. She concludes we should remand to the district court for "further clarification in its reasoning." *Id.* We disagree that further clarification is needed because the record supports, and the court sufficiently stated, the reasoning for its determination that there were substantial and compelling reasons to withhold probation.

As we set forth earlier, the court stated at the sentencing hearing that it had considered all the factors relevant to sentencing, the PSI, and the updated information received. We agree that the sentencing order and much of the district court's discussion at the sentencing hearing closely resembled the statutory factors in § 29-2260 and could be considered more along the line of "reasons" rather than "reasoning." However, important to the district court's decision to order imprisonment over probation, was its explanation of the need for "a term of incarceration, followed by a post-release supervision period," so that Hopkins will have "a significant amount of time" to continue working on the issues described by her counsel at sentencing and the evaluation provided to the court. The court was also not convinced that Hopkins' character and attitude suggested she was unlikely to commit other crimes. This consideration is also supported by Hopkins' criminal history, which reflects she has repeatedly committed theft-related crimes, and has repeatedly been provided opportunities to work through her issues in sentences of probation. That path clearly has not served to successfully rehabilitate Hopkins. As also stated directly to Hopkins by the district

court, the sentences were "taking into consideration the steps you've taken and your minor children, so it's important for you to get this stuff worked out, and you are getting a benefit of treatment and work you've done[.]" The district court was obviously cognizant of Hopkins' more recent attempts to get her life redirected, but also recognized a longer, sustained period of confinement and treatment was necessary in light of the multiple unsuccessful attempts in the past.

A decision to withhold probation will not be reversed on appeal absent an abuse of discretion. See *State v. Dyer,* 298 Neb. 82, 902 N.W.2d 687 (2017). We conclude the district court's reasoning was sufficiently stated on the record and there was no abuse of discretion by the district court in finding that substantial and compelling reasons exist as to why Hopkins cannot effectively and safely be supervised in the community with a sentence of probation.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the district court in both cases.

AFFIRMED.