IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SPENCER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AMY L. SPENCER, APPELLANT.

Filed November 10, 2020.    No. A-20-086.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Megan Kielty for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

PIRTLE, Judge.

INTRODUCTION

Amy L. Spencer appeals from her plea-based convictions and sentences in the district court for Lancaster County for one count of theft by deception, $1,500-$5,000, and one count of income tax evasion. She claims the district court abused its discretion in sentencing her to a term of imprisonment rather than probation. For the reasons that follow, we affirm.

BACKGROUND

On May 30, 2019, the State charged Spencer with one count of theft by deception, $5,000 or more, a Class IIA felony; two counts of income tax evasion, each a Class IV felony; and two counts of filing fraudulent income tax returns, each also a Class IV felony.

On October 30, 2019, pursuant to a plea agreement, the State amended the count of theft by deception, $5,000 or more, to theft by deception, $1,500-$5,000, a Class IV felony. The State

- 1 -

dismissed one of the counts of income tax evasion and both counts of filing fraudulent income tax returns. Spencer agreed to plead no contest to the amended charges.

According to the factual basis provided by the State at the plea hearing, Spencer's former employer contacted law enforcement after his accountant found that there were a number of unauthorized charges to his business credit card that appeared to be for personal use. Spencer had worked as an office manager and had been given a credit card to use for business purposes in connection with her employment. Investigators identified 1,041 transactions amounting to a total of $107,492.94 that were attributable to Spencer's conduct. These transactions were for personal purposes such as household expenses, concert tickets, and vacations. Review of the records showed that Spencer was paying herself additional money from the business and concealing those payments in the business' account books. Investigators also found that Spencer had failed to report the income she derived from the unauthorized payments and credit card transactions in 2016 and 2017 and that she owed $6,115 in taxes for those years.

The district court found beyond a reasonable doubt that Spencer understood the nature of the amended charges against her; that Spencer's pleas were made freely, knowingly, intelligently, and voluntarily; and that there was a sufficient factual basis to support the pleas. The court accepted Spencer's no contest pleas and found her guilty on both counts. The court ordered a presentence investigation and scheduled sentencing.

On January 30, 2020, a sentencing hearing was held. Prior to imposing its sentence, the court stated that it had reviewed the presentence investigation as well as a letter submitted by Spencer's counsel. The court noted that Spencer had received "the benefit of a very favorable plea agreement." In weighing whether a sentence of probation was appropriate, the court remarked:

> Ma'am, this is unique in that it is not the product of a one-time lapse in judgment and we are not talking about actions over a short period of time. I think these crimes required thought, they required planning and they required weekly, if not daily deceit, and they went on for an extended period of time.
>
> Ma'am, you stole from someone who trusted you. And you took advantage of that trust when you committed these crimes. You weren't stealing because you couldn't pay your family bills. You were stealing and using this money to take trips and go to concerts and do those types of things with a frequency that many people in this community cannot afford, and yet they don't resort to stealing in order to do those things.
>
> . . . .
>
> Ma'am, I considered all of the character letters. I considered the fact that you don't have a criminal history and I am not here to say that you haven't done good things in your life or that you are not a good person. . . . I did consider all of the mitigating facts that [your counsel] has provided to me. And that is why I am not giving you frankly the maximum sentence that I could.
>
> I find substantial and compelling reasons why probation is not appropriate. I think very strongly that a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. The circumstances indicate that you certainly understood the consequences of your actions and the harm that you were doing to others. And there

simply is no reason to excuse or justify this offense. Those factors, with all [of the] other ones that I gave, are the reason why probation is not appropriate.

Ultimately, the district court sentenced Spencer to 2 years' imprisonment on each count and ordered the sentences to be served concurrently. Spencer was given 1 day of credit for time served. This appeal followed.

## ASSIGNMENT OF ERROR

Spencer assigns that the district court abused its discretion in imposing sentences of imprisonment rather than probation.

## STANDARD OF REVIEW

A determination of whether there are substantial and compelling reasons under Neb. Rev. Stat. § 29-2204.02(2)(c) (Reissue 2016) why a defendant cannot effectively and safely be supervised in the community is within the trial court's discretion, and a decision to withhold probation on such basis will not be reversed on appeal absent an abuse of discretion. *State v. Dyer*, 298 Neb. 82, 902 N.W.2d 687 (2017).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.* A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## ANALYSIS

Spencer argues that the district court abused its discretion when it sentenced her to a term of imprisonment rather than probation. Spencer was convicted of theft by deception, $1,500-$5,000, and income tax evasion; both offenses are Class IV felonies. Section 29-2204.02 governs sentencing for a Class IV felony, and provides in relevant part:

> (2) If the criminal offense is a Class IV felony, the court shall impose a sentence of probation unless:
>
> . . . .
>
> (c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260. Unless other reasons are found to be present, that the offender has not previously succeeded on probation is not, standing alone, a substantial and compelling reason.
>
> (3) If a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided in subsection (1) of this section.

On appeal, Spencer argues that the district court "failed to articulate substantial and compelling reasons why [she] could not safely and effectively be supervised in the community." Brief for appellant at 7. She argues that pursuant to *State v. Baxter*, 295 Neb. 496, 888 N.W.2d

726 (2017), the district court "would be expected to make more explicit its reasoning on the record, rather than just supply a list of reasons directly copied from statutory language." Brief for appellant at 12. Spencer further argues that the "record is devoid of any articulable reason, let alone a substantial and compelling reason, that would support the conclusion that [she] is an inappropriate candidate for probation." *Id.* at 15.

We construe Spencer's argument to be two-fold: first, the district court failed to sufficiently state its reasoning on the record as required by § 29-2204.02(3); and second, the factors cited by the court are insufficient to support a decision to withhold probation. We address each in turn.

The Nebraska Supreme Court has determined that under § 29-2204.02(3), "reasoning" means that the court should not simply supply a list of reasons, but, instead, should demonstrate how it reached its determination that there were substantial and compelling reasons to withhold probation. *State v. Baxter, supra*. However, the requirement that a court state its reasoning "on the record" does not limit the expression of the court's reasoning to the sentencing order. *Id.* The "record" includes statements the court makes when it pronounces sentence. *Id.* Thus, the court may fulfill the requirement of § 29-2204.02(3) to state its reasoning on the record by a combination of the sentencing hearing and sentencing order. See *State v. Baxter, supra.*

In this case, the district court's sentencing order found that Spencer was not eligible for probation because "[a] lesser sentence would depreciate the seriousness of the crime; a lesser sentence would promote disrespect for the law; the circumstances indicate that the defendant understood the consequences of her actions and the harm to others; and there is no reason to excuse or justify the offense." Additionally, at the sentencing hearing, the court referenced other factors that informed its reasoning, including reflections on Spencer's conduct and culpability, the specifics of the crimes committed in this case, and information contained within the presentence investigation.

We note that neither statute nor case law mandates the extent of reasoning sufficient to withhold probation under § 29-2204.02(3). And in *State v. Dyer*, 298 Neb. 82, 902 N.W.2d 687 (2017), the Supreme Court connected the court's observations at the sentencing hearing with its written sentencing order to form the totality of the "reasoning" utilized by the district court, and it further concluded that the record as a whole supported the district court's findings. Thus, we likewise determine that the district court's statements at the sentencing hearing, in addition to its written sentencing order, were a sufficient recitation of its reasoning to satisfy the requirements of § 29-2204.02(3).

Spencer also argues that the evidence in this case did not support a finding that substantial and compelling reasons exist to support a finding that she cannot effectively and safely be supervised in the community. A determination of whether there are substantial and compelling reasons under § 29-2204.02(2)(c) is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

The substantial and compelling reasons referred to in § 29-2204.02(2)(c) include but are not limited to the criteria in subsections (2) and (3) of section 29-2260. Under Neb. Rev. Stat. § 29-2260 (Reissue 2016):

> (2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or minimum imprisonment is not

specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

Here, the district court identified multiple factors supporting its conclusion that Spencer could not be effectively supervised on probation. The court found that Spencer's crimes had required significant deception over an extended period of time and that there was evidence she knew her conduct was causing serious harm. The court stated that Spencer's convictions were "not the result of a one-time lapse in judgment" and that they required planning and "weekly, if not daily deceit." The court further highlighted statements made by Spencer in which she attempted to minimize her culpability by claiming either that she did not know her actions were illegal or that her former employer had given permission for her to use the business' credit card for personal transactions. The district court found that Spencer's claims fell flat when compared against the State's factual basis and information in the presentence investigation, especially Spencer's own actions to conceal her conduct. The court stated that there were no grounds tending to excuse or justify Spencer's conduct.

Statements from the sentencing hearing reflect that the district court did consider appropriate mitigating factors in this case. Specifically, the court referenced a letter written by Spencer's counsel and stated that the contents of the letter were determinative in its decision to not sentence Spencer to a longer term of years. Ultimately, however, the district court found that the mitigating factors did not weigh in favor of a sentence of probation, instead finding substantial and compelling reasons to sentence Spencer to terms of imprisonment on both counts.

In its brief, the State notes that although Spencer does not assign it as error, the district court committed plain error in failing to address the issue of postrelease supervision in its sentencing order. When a court orders a determinate sentence for a Class IV felony, § 29-2204.02(1)(b) requires that the sentencing court "[i]mpose a sentence of post-release supervision . . . within the applicable range in section 28-105." Neb. Rev. Stat § 28-105 (Reissue 2016) proscribes a maximum term of postrelease supervision of 12 months, and a minimum term of none. We construe the language of § 29-2204.02 to require the sentencing court to make an advisement on the term of postrelease supervision even if that term is none. Section 29-2204.02(7)(b) states that when a period of postrelease supervision is required but not imposed by the sentencing court, the term of postrelease supervision shall be the minimum provided by law. Because the minimum term of postrelease supervision in this case is none it would default to that minimum, or in other words, to no term of postrelease supervision. Therefore, the district court's failure to address postrelease supervision when sentencing Spencer in this case is harmless error.

After reviewing the record, we determine that the sentences proscribed by the district court were not clearly untenable, nor was Spencer deprived of a substantial right or a just result. The district court did not abuse its discretion in withholding probation.

## CONCLUSION

We conclude that the district court did not abuse its discretion in sentencing Spencer to a term of imprisonment, and we therefore affirm Spencer's convictions and sentences.

AFFIRMED.