IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


STATE V. LAMBERT


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,
V.
RYAN A. LAMBERT, APPELLANT.


Filed February 20, 2024.    No. A-23-664.


Appeal from the District Court for York County: JAMES C. STECKER, Judge. Affirmed.

David Michel, York County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.


PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Ryan A. Lambert appeals the ruling of the district court for York County which denied his motion to continue his sentencing hearing. For the reasons that follow, we affirm.

### BACKGROUND

On June 23, 2022, Lambert was charged with five counts of possession of visual depictions of sexually explicit conduct: second offenses. On June 14, 2023, pursuant to a plea agreement, Lambert's charges were amended to two counts of attempted possession of visual depiction of sexually explicit conduct. Lambert pled no contest to the amended charges and was convicted on both. His sentencing hearing was scheduled for August 14, 2023.

A presentence investigation report (PSI) was completed prior to Lambert's sentencing. Included in the PSI were the results of his sex offender treatment intervention and progress scale assessment (SOTIPS) and his Vermont assessment of sex offender risk (VASOR-2). The SOTIPS evaluation is an instrument designed to assess the risk, treatment, supervision needs, and progress

among adult male sex offenders. The VASOR-2 assessment is designed to assess the risk among adult males who have been convicted of at least one qualifying sex offense.

At his sentencing hearing, Lambert's attorney made a motion to continue. He argued the VASOR-2 evaluation was designed only to be used when there was physical contact between the defendant and victim, which did not occur in Lambert's case. Because of this, he argued that Lambert's VASOR-2 score "should be questioned." He then requested that a psychosexual evaluation be completed prior to Lambert's sentencing because it was better designed for Lambert's offenses. The State objected to the motion to continue arguing that Lambert had the opportunity to request a psychosexual evaluation when the hearing was scheduled in June 2023 and at any time prior to the sentencing hearing. Lambert's attorney then indicated that he did not specifically request the prior completion of the evaluation because he erroneously believed one was going to be completed as part of the PSI. The district court denied Lambert's motion stating, "[b]ased on the fact that the matter was discussed when the [PSI] was ordered and there was no request by [Lambert] at that time, the Court does not believe that a continuance is appropriate or necessary."

The district court then heard from the State, Lambert's attorney, and Lambert regarding the appropriate sentences to be imposed. Prior to levying the sentences, the district court indicated it had reviewed the PSI, Lambert's prior criminal record, the circumstances of the offense, and noted that this was not Lambert's first time possessing visual depictions of sexually explicit conduct. The district court proceeded to sentence Lambert to 6 to 12 years' imprisonment on each count to run concurrently and found that Lambert was subject to lifetime registration under the Nebraska Sex Offender Registration Act.

## ASSIGNMENTS OF ERROR

Restated, Lambert assigns the district court abused its discretion by denying his motion to continue and by refusing to order the completion of a psychosexual evaluation.

## STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

Lambert assigns the district court abused its discretion when it overruled his motion to continue the sentencing hearing which barred him from completing a psychosocial evaluation. He essentially contends the assessments used in the PSI were insufficient and the probation officer bore the responsibility to ensure sufficient evaluations were conducted. He further argues his motion to continue should have been granted because continuing the hearing would not have caused any prejudice to the court or the State.

The State contends Lambert was not prejudiced by the denial of his motion because he did not specify what new information the psychosexual evaluation would provide or how it would

affect the district court's decision. Further, the State argues the completion of the evaluation was within Lambert's control because he could have requested one be done prior to his sentencing hearing.

A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *Id.* In *State v. Baxter, supra*, the Nebraska Supreme Court analyzed whether the district court abused its discretion in denying Baxter's motion to continue that was made a week prior to her sentencing hearing. Baxter, convicted of several drug related crimes, sought the continuance so she could complete a drug and alcohol evaluation. *Id.* On appeal, Baxter argued that without the drug and alcohol evaluation, the court did not have "all available and relevant information about her substance abuse issues." *Id.* at 499, 888 N.W.2d at 730-31.

In its decision, the Supreme Court found the district court did not abuse its discretion because Baxter did not suffer any prejudice and the completion of the substance abuse evaluation, or lack thereof, was within her control. *Id.* Beginning with the lack of prejudice, the court stated that Baxter's PSI already included ample information regarding her substance abuse issues. *Id.* In this conclusion, the court rejected Baxter's argument that without the evaluation the district court was relying upon incomplete information because Baxter did not specify what information the PSI was currently lacking or how the information from the substance abuse evaluation would affect the district court's sentencing decision. *Id.*

Regarding the completion of the evaluation being in Baxter's control, the court stated "[w]here the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion." *Id.* at 500, 888 N.W.2d at 731. The court found Baxter to be, at least, partially responsible for the incompletion of the substance abuse evaluation because she missed several scheduled appointments with her probation officer. With the finding that Baxter was not prejudiced, and that the nonoccurrence of the evaluation was within her control, the court found that the district court did not abuse its discretion in denying the motion to continue.

We conclude the district court did not abuse its discretion in denying Lambert's motion to continue because he was not clearly prejudiced by the decision. We will first note that although the decision in *Baxter* partially relied upon Baxter being responsible for the incompletion of the substance abuse evaluation, a similar finding is not necessary in this matter. A trial court only abuses its discretion in denying a motion to continue when it clearly appears that the party seeking the continuance suffered prejudice because of that denial. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). As such, with our conclusion that Lambert did not suffer any prejudice, we do not need to address whether he was responsible for the incompletion of a psychosexual evaluation.

Like the situation in *Baxter*, Lambert did not clearly suffer prejudice because his PSI contained ample information necessary for the district court to sentence him. Lambert's PSI contained two evaluations that are designed to measure the risks posed by adult male sex offenders. On the SOTIPS assessment, Lambert was evaluated to be a "Moderate Risk" and placed in the "very considerable need for improvement range" in the "sexual offense responsibility" scale, and the "considerable need for improvement range" in the "sexual behavior, sexual attitudes, criminal and rule breaking attitudes, stage of change and problem solving" scales. On the VASOR-2

evaluation, Lambert scored in the "High Risk" range for recidivism. Based on his scores on the SOTIPS and VASOR-2 evaluations, the PSI concluded that Lambert had a "combined static and dynamic risk of High." This section continued to describe that individuals with a combined "High Risk" have an estimated sexual recidivism rate of 16.5 percent and an estimated violent recidivism rate of 23.3 percent in a 3-year period.

Although Lambert argues the VASOR-2 assessment was not designed for offenders that did not have contact with their victims, there is nothing in the record to support that contention. The only information we have concerning this assertion comes from Lambert's attorney at the sentencing hearing. There, he stated that he learned the VASOR-2 was not an appropriate assessment for Lambert by speaking to a "psychologist active in this field." However, the PSI describes the target population for the VASOR-2 differently:

> [The VASOR-2 assessment] is designed to assess risk among adult males who have been convicted of at least one qualifying sex offense. It is composed of a 12-item re-offense risk scale, and a 4-item severity factors checklist. The re-offense risk scale is statistically derived, and designed to assess risk for sexual and violent recidivism. The severity factors checklist is clinically derived and is designed to describe the severity of the offense. . . . Items related to increased risk of sexual and/or violent recidivism are Age, Prior Sex Offense, Violations of Supervision, Relationships to Victim, and Sex Offender Treatment History.

There is nothing in the record to buttress Lambert's assertion that the VASOR-2 evaluation was an improper measuring tool considering his charges and history. Accordingly, we are unable to conclude that Lambert's VASOR-2 results are insignificant.

Lambert also argues he suffered prejudice from the denial of his motion to continue because the district court was missing the best information available by not having a psychosexual evaluation completed. However, Lambert does not specify what information the PSI is currently lacking or how it might have affected the district court's sentencing decision. Without any information regarding how the psychosexual evaluation results would have impacted the court's sentencing decision, we are unable to conclude that Lambert was prejudiced by the district court denying his motion. Therefore, the district court did not err in denying his motion to continue.

CONCLUSION

Because Lambert was not clearly prejudiced by the denial of his motion to continue, the district court's decision was not an abuse of discretion.

AFFIRMED.