IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. TRAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LONG N. TRAN, APPELLANT.

Filed April 14, 2020.    No. A-19-784.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Robert M. Williams, of Larson, Kuper & Wenninghoff, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Long N. Tran appeals his plea-based convictions for theft by receiving, $5,000 or more, and criminal possession of a financial transaction device (two or three devices). On appeal, he claims that the district court erred in denying his motion to continue sentencing and imposed excessive sentences. He also alleges that he received ineffective assistance of trial counsel. We affirm.

BACKGROUND

Tran was charged by information in the district court for Douglas County with theft by receiving, $5,000 or more, and criminal possession of a financial transaction device (two or three devices). He pled no contest to the charges, and in exchange, the State agreed to dismiss charges filed in a separate case. According to the factual basis provided by the State at the plea hearing, on or about April 17, 2018, law enforcement observed a vehicle with out-of-state license plates. An

officer approached the driver, later identified as Tran, and asked for the vehicle's registration and information. Tran was unable to provide the information requested and unable to identify the owner of the vehicle. Law enforcement ran the vehicle's information and discovered that the vehicle belonged to "Gelco Fleet Trust" and had been reported stolen out of Omaha. The vehicle was a 2018 Ford Fusion, valued at more than $19,000.

A duffle bag was located inside the trunk of the vehicle, and Tran claimed ownership of the bag. Inside the bag, law enforcement found two credit cards displaying names other than Tran's, and two checkbooks belonging to individuals other than Tran. A debit card was also located inside Tran's wallet, which bore a name other than Tran's. Tran did not know these individuals and did not have permission to be in possession of their financial transaction devices.

The district court accepted Tran's pleas and found him guilty. The court ordered the completion of a presentence investigation (PSI) and scheduled sentencing for February 21, 2019. On January 10, the court continued sentencing to February 28 on its own motion. Tran was scheduled to be interviewed for the PSI on January 24, but he was incarcerated at that time in Sarpy County and could not appear for his interview. Tran then moved to continue sentencing so that probation could have additional time to complete the PSI. The court granted the motion and rescheduled sentencing for May 23.

Tran's PSI interview was rescheduled for May 8, 2019, at 8 a.m. A probation officer spoke with Tran on April 10 who confirmed the date, time, and location of the interview and stressed to Tran the importance of being on time to the appointment because they were using an interpreter. When Tran had not appeared for the interview by 8:25 a.m. on May 8, the probation officer dismissed the interpreter. Tran called shortly thereafter and indicated that he was pulling into the parking lot, but the probation officer informed him that the interpreter had already been dismissed and he would need to contact his attorney for direction.

The district court continued sentencing again to July 25, 2019. The probation officer communicated with Tran that his PSI interview was scheduled for June 24 at 8 a.m. and again arranged for an interpreter to be present. Tran did not present for the interview until 9 a.m., after the probation officer had already dismissed the interpreter. The PSI was completed without an interview with Tran.

Sentencing was held on July 25, 2019, and at the outset of the hearing, Tran's counsel orally moved to continue sentencing again to give Tran a further opportunity to obtain a PSI interview. The district court denied the motion and proceeded with sentencing. Tran was sentenced to 6 to 8 years' imprisonment for theft by receiving and a consecutive term of 2 to 2 years' imprisonment for the criminal possession offense. Tran appeals.

ASSIGNMENTS OF ERROR

Tran assigns that the district court erred in denying his motion to continue sentencing and imposed excessive sentences. He also assigns that he received ineffective assistance of counsel.

STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Baxter*, 295

Neb. 496, 888 N.W.2d 726 (2017). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

ANALYSIS

*Motion to Continue.*

Tran assigns that the district court erred in denying his motion to continue the sentencing hearing. He acknowledges that he missed three appointments with the probation officer to complete a PSI interview, but he argues that considering his actual efforts to attend the meetings combined with his language barrier, the court should have allowed him one final continuance so that he could complete the interview. We find no abuse of discretion in the court's refusal to continue sentencing.

A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *State v. Baxter, supra*. Where the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion. *Id*.

In facts similar to this case, the defendant in *State v. Baxter, supra*, pled no contest to her charges and was found guilty. Prior to sentencing, she filed a motion to continue sentencing to allow her sufficient time to obtain a drug and alcohol evaluation and time for the probation office to complete a PSI. The trial court denied the motion. The defendant appealed, and on appeal, she argued that the trial court erred in denying her motion to continue sentencing because without the evaluation, the court did not have all available and relevant information about her substance abuse issues before it imposed a sentence. *Id*.

The Nebraska Supreme Court determined that both of the principles detailed above militate against a finding that the court abused its discretion. *Id*. With respect to prejudice, the Supreme Court found that the PSI report contained ample information regarding the defendant's substance abuse issues and that the defendant did not specify what information the court was lacking or how it might have affected the court's sentencing decision. The court further noted that at the sentencing hearing, the defendant had the opportunity to present information or argument regarding her substance abuse issues. *Id*.

The Supreme Court additionally found that the defendant missed three appointments for the PSI interview before finally reporting, at which time she was referred for a substance abuse evaluation. *Id*. Given her inaction before she finally appeared for the PSI appointment, the Supreme Court determined that the delay in completion of the evaluation was due to events within the defendant's own control. Moreover, the court concluded that the defendant had not shown that she suffered prejudice as a result of the denial of her motion to continue sentencing. *Id*.

Likewise, in the present case, Tran missed three appointments he had scheduled to complete his PSI interview. He was unable to attend the first appointment due to incarceration, but the district court continued sentencing at Tran's request after that to allow him additional time to

complete the interview. Nevertheless, he failed to appear on time for either of the followup appointments, and because the interpreter had already been dismissed, the interview was not able to be completed. Appearing for the appointments in May and June 2019, on time, was within Tran's control. The probation officer reminded him on each occasion of the details of his appointment and emphasized the importance of being on time.

In addition, Tran makes no argument as to how he was prejudiced by the denial of his motion to continue. Like the defendant in *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017), he does not specify what information the court was lacking without the benefit of a PSI interview with Tran or how it might have affected the court's sentencing decision. He alludes to substance abuse issues in his brief, but as the Supreme Court observed in *State v. Baxter, supra*, Tran had the opportunity to present information or argument regarding his substance abuse issues at sentencing, and he did so. The State countered Tran's argument by reminding the court that there are substance abuse treatment programs available through the Nebraska Department of Corrections.

Based on the foregoing, we conclude that the failure to complete the PSI interview was within Tran's own control and that he has not shown that he suffered prejudice as a result of the denial of his motion to continue. Consequently, the denial of Tran's oral motion to continue sentencing was not an abuse of discretion.

*Excessive Sentences.*

Tran also asserts that the district court imposed excessive sentences. Theft by receiving, $5,000 or more, is a Class IIA felony, punishable by up to 20 years' imprisonment. Neb. Rev. Stat. §§ 28-518(1) and 28-105 (Reissue 2016). Criminal possession of a financial transaction device, two or three devices, is a Class IV felony, which carries a maximum term of incarceration of 2 years. Neb. Rev. Stat. § 28-621(3) (Reissue 2016); § 28-105. Because Tran was sentenced to imprisonment for a Class IIA felony and sentenced consecutively to imprisonment for a Class IV felony, he was not subject to postrelease supervision pursuant to § 28-105(1). See § 28-105(6). Tran's sentences of 6 to 8 years' imprisonment and 2 to 2 years' imprisonment, respectively, therefore come within the statutory limits and are reviewed for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Tran acknowledges that his sentences are within the statutory limits, but he argues that they are excessive because the district court improperly considered the present offenses coupled with his failure to appear for the PSI interview "as an overriding and heavily weighing factor." Brief

for appellant at 13. He claims that the court improperly looked at the current offenses as evidence of whether he is likely to reoffend rather than his minimal criminal history and that it was inappropriate for the court to do so.

We first note that the district court did not explain its reasoning for the sentence imposed on the record, so contrary to Tran's argument, it is unclear the amount of weight the court placed on which factors. However, consideration of Tran's past criminal record or record of law-abiding conduct as well as the nature of the current offenses are factors for the court to consider. See *State v. Leahy, supra*. The weight to accord each factor is left to the sentencing judge's discretion, and there is no indication that the court considered any improper factors.

Although a PSI interview with Tran was never completed, the PSI report was completed. It indicates that Tran was 31 years old at the time of sentencing. His criminal history includes convictions for failure to appear, forgery, and operating a motor vehicle to avoid arrest. He was sentenced to 2 years' probation for the forgery conviction in Colorado and was on probation at the time of the present offenses. Subsequent to the offenses at issue here, Tran was convicted of domestic violence assault, shoplifting, and being a fugitive from justice out of Colorado. The probation officer who completed the PSI found that even though Tran's criminal history is not extensive, his continued engagement in criminal behavior, which was violent in nature, after the current offenses and his failure to follow through with the PSI process appear to warrant a sentence of incarceration.

We observe that Tran received the benefit of the dismissal of additional charges in a separate case by agreeing to plead no contest to the present offenses. He faced up to a total of 22 years' incarceration and received a sentence of 8 to 10 years' incarceration. In addition, he was already on probation at the time he committed the offenses at issue here. Upon our review of the record, we find no abuse of discretion in the sentences imposed.

*Ineffective Assistance of Counsel.*

Tran assigns that he received ineffective assistance of trial counsel. His specific assigned error lacks the specificity we demand on direct appeal, however. See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *Id*.

The opinion in *State v. Mrza, supra*, was released on April 19, 2019. Tran's brief was filed on December 31. Tran has not properly assigned his ineffective assistance of counsel claims, and we therefore do not address them.

CONCLUSION

We conclude that the district court did not abuse its discretion in denying Tran's motion to continue sentencing or in the sentences imposed. We also find that Tran has not sufficiently assigned as error his claims of ineffective assistance of trial counsel. Therefore, his convictions and sentences are affirmed.

AFFIRMED.