IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. WHITAKER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

MATTHEW L. WHITAKER, APPELLANT.


Filed April 21, 2020.    No. A-19-561.


Appeal from the District Court for Dixon County: PAUL J. VAUGHAN, Judge. Affirmed.

Frederick T. Bartell, of Fitzgerald, Vetter, Temple, Bartell & Henderson, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Matthew L. Whitaker appeals from his plea-based conviction in the district court for Dixon County for operating a motor vehicle during a license revocation period. The court sentenced Whitaker to imprisonment for a term of 13 to 14 months to run consecutive to the sentence in another case, imposed a 15-year license revocation to run concurrent with the revocation in the other case, and allowed Whitaker to apply for an ignition interlock permit after 45 days if otherwise eligible. On appeal, he asserts that the court imposed an excessive sentence, that the court failed to comply with the necessary truth in sentencing advisements, and that he received ineffective assistance of trial counsel. For the reasons set forth herein, we affirm.

## BACKGROUND

On November 20, 2018, the State filed an information in the district court, charging Whitaker with operating a motor vehicle during a license revocation period, a Class IV felony.

- 1 -

That same day, the State filed an amended information, adding a charge of leaving the scene of a property damage accident, a Class II misdemeanor, and a charge of willful reckless driving, a Class III misdemeanor.

On March 25, 2019, Whitaker pled guilty to the first count of the amended information (operating a motor vehicle during a license revocation period). In exchange for Whitaker's guilty plea, the State agreed to dismiss the other two counts of the amended information and stand silent at sentencing. The district court advised Whitaker of his constitutional rights including the right to a speedy jury trial, to confront any witnesses, and to be free from self-incrimination. The court also advised Whitaker of the nature of the charge, the possible penalties if the court accepted the plea, and the additional consequences of pleading guilty. Whitaker affirmed that he understood the court's advisements and that his plea was his own free and voluntary act. Whitaker assured the court that nobody had threatened him, used force, or made any promises to get him to waive his rights and plead guilty. He also affirmed that he had sufficient time to discuss the case with his attorney, that he told him everything he knew about the case to formulate an appropriate defense, and that he was satisfied with the services that the attorney provided.

The State provided the following factual basis for Whitaker's plea:

On March 29, 2018, [an officer], of the Nebraska State Patrol, was dispatched to [a hospital] in Sioux City, Iowa, regarding [Whitaker] who reportedly had been involved in a rollover motor vehicle accident.

The officer went to the hospital, he did visit with . . . Whitaker, who admitted that he was driving on a county road west of Hubbard, Nebraska, when the crash occurred.

The officer contacted another witness as well who confirmed that . . . Whitaker was the driver of the vehicle.

He then went to the scene, which, although west of Hubbard, was in a location that was in Dixon County, Nebraska. Further investigation did show that . . . Whitaker's driver's license was revoked for 15 years for a DUI fourth on December 17th, 2012, and that at the time of the accident it was still under revocation.

And these events occurred in Dixon County, Nebraska.

After Whitaker affirmed its correctness, the district court then found beyond a reasonable doubt that there was a factual basis for the plea; that Whitaker fully understood his rights and freely and voluntarily waived them; and that he understood the nature of the charge, the consequences of his plea, and the penalties that could be imposed. After the court found that Whitaker's plea was made freely, voluntarily, knowingly, and intelligently, it accepted his plea and found him guilty of operating a motor vehicle during a license revocation period. The court ordered an updated presentence investigation report (PSR) and scheduled sentencing.

At the sentencing hearing on May 13, 2019, the district court noted that it had received the PSR. Neither party had any additions or corrections to make to it. Pursuant to the parties' plea agreement, the State remained silent at sentencing. In his argument, Whitaker's attorney asked the court to impose a concurrent jail sentence with Whitaker's sentence in a Dakota County case. In Whitaker's allocution to the court, he also requested a jail sentence concurrent to that imposed in the Dakota County case and expressed regret for his actions. He also told the court that he was

"doing all [he could] to rectify [his] behavior and change [his] thinking to help [his] addiction," including going to NA and AA twice a week while incarcerated.

Before sentencing Whitaker, the district court stated:

[T]he [PSR] reflects that this event that you're being sentenced for today happened on March 29th of 2018, and then about two months later is when you got arrested in Dakota County for your fifth offense drunk driving case that you're now serving a sentence on.

The [PSR] reflects that at the time law enforcement was dealing with you in the hospital in Sioux City . . . they thought that you were under the influence of alcohol. Your lack of cooperation there made it difficult for law enforcement to pursue this case.

You shouldn't have been driving at all in the first place . . . but you did end up injuring yourself and having to deal with the consequences of that.

I'm glad to hear that you're starting to address the addiction issues that you have that have gotten you into trouble and that you're using the time that you're at the State facility to get benefit of any programs that they're offering to you.

Overall the Court does not feel that a concurrent sentence would be appropriate in this matter. This is a separate crime. It happened two months before the case that you're serving now. So the Court's not willing to impose a concurrent sentence.

The court then sentenced Whitaker to 13 to 14 months' imprisonment, to be served consecutively to his Dakota County sentence, along with a 15-year license revocation to begin immediately and to run concurrent with the license revocation in the Dakota County case. The court also ordered that after 45 days, Whitaker could apply for an ignition interlock permit if otherwise eligible.

ASSIGNMENTS OF ERROR

Whitaker asserts, restated, that (1) the district court abused its discretion by imposing an excessive sentence, imposing a consecutive sentence, and not ordering probation; (2) the court abused its discretion and erred by failing to provide the necessary truth in sentencing advisements and to expressly state its reasons for denying him probation; and (3) he received ineffective assistance of trial counsel when his counsel failed to file a motion to suppress, bring the matter to trial, and object to the above assigned errors.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). When reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively

determine whether counsel did or did not provide effective assistance, and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Excessive Sentence.*

Whitaker asserts that the district court abused its discretion by imposing an excessive sentence, imposing a consecutive sentence, and not ordering probation. Operating during revocation is a Class IV felony. Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2018). Class IV felonies are punishable by a maximum of 2 years' imprisonment, 12 months' postrelease supervision, and/or a $10,000 fine, and 15-year license revocation and a minimum of 9 months' postrelease supervision if imprisonment is imposed. Neb. Rev. Stat. §§ 28-105 (Cum. Supp. 2018) and 60-6,197.06. The court sentenced Whitaker to imprisonment for a term of 13 to 14 months to run consecutive to the sentence in the Dakota County case, imposed a 15-year license revocation to run concurrent with the revocation in the other case, and allowed Whitaker to apply for ignition interlock permit after 45 days. Because his sentence was consecutive with the sentence imposed in the Dakota County case, which included a sentence of imprisonment for a Class II felony, no postrelease supervision was required in this case. See Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016). Thus, Whitaker's sentence was within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* However, the sentencing court is not limited to any mathematically applied set of factors. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020).

While acknowledging that the sentence imposed in this case was within the statutory limits, Whitaker argues that the sentence was an abuse of discretion because the factors set forth in Neb. Rev. Stat. § 29-2260(3) (Reissue 2016) weigh in favor of probation, not incarceration, and even if incarceration was appropriate, the sentence imposed was excessive. Whitaker also argues that the sentence in this case should have been ordered served concurrently with the sentence in the Dakota County case.

Factors listed in § 29-2260(3) to be considered by a court when considering whether to withhold a sentence of imprisonment and grant probation, include:

> (a) The crime neither caused nor threatened serious harm;
>
> (b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

- 4 -

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

Whitaker notes that his conviction of a Class IV felony normally calls for a sentence of probation except in certain circumstances, but because his sentence was ordered to run consecutively to his sentence of imprisonment for another felony in the Dakota County case, the district court was not required to impose a sentence of probation in this case. See § 29-2204.02(2)(a).

Here, the record indicates that the district court carefully considered relevant factors and did not abuse its discretion in either declining to impose probation or in the length of imprisonment imposed. Whitaker was 38 years old at the time of sentencing, had a bachelor's degree in fine arts, and was unemployed. He is divorced and has two dependents. Whitaker's criminal history includes six convictions for driving under the influence (DUI), a conviction for "Unlawful Acquisition/ Possess/Transfer Card," three convictions for first degree harassment, 10 convictions for "Contempt-Violation Of No Contact or Protection Order," and convictions for possession of drug paraphernalia, theft of services less than $200, disturbing the peace, "Consumption/Intoxication," assault causing bodily injury, reckless driving, driving while barred, and failure to appear, among others. With respect to his 2012 conviction for first degree harassment, he was sentenced to a jail term after his unsuccessful discharge from probation. On the level of service/case management inventory, Whitaker was assessed as an overall high risk to reoffend.

At the sentencing hearing, the district court discussed the circumstances of the present case, noting that this offense occurred just 2 months prior to Whitaker's DUI offense in Dakota County, including the fact that he appeared to be under the influence of alcohol at the time of the present offense and should not have been driving at all. The court noted that Whitaker's lack of cooperation made it difficult for law enforcement to pursue the case. The court acknowledged that Whitaker was taking steps to address his addiction issues, but it concluded that a concurrent sentence was not appropriate, given that this was a separate crime, occurring 2 months prior to the Dakota County offense. In its written order, the court stated that Whitaker was not a suitable candidate for probation, that the risk was substantial that he would engage in additional criminal conduct during any probationary period, and that a sentence of less than incarceration would depreciate the seriousness of his crime or would promote disrespect for the law.

Based upon the record before us, we find no abuse of discretion in the imposition of a sentence of incarceration rather than probation, the length of the sentence imposed, or in the decision to order the sentence to be served consecutively to the sentence in the Dakota County case.

*Sentencing Advisements.*

Whitaker asserts that the district court abused its discretion and erred by failing to provide the necessary truth in sentencing advisements and to expressly state its reasons for denying him probation. In addition to arguing that the court failed to do these things, Whitaker also argues that the court did not advise him of his right to appeal his sentence.

First, Whitaker argues the district court did not correctly advise him as to his parole eligibility and release eligibility as required by Neb. Rev. Stat. § 29-2204(6)(a) (Cum. Supp. 2018), which provides:

> When imposing an indeterminate sentence upon an offender under this section, the court shall:
>
> (i) Advise the offender on the record the time the offender will serve on his or her minimum term before attaining parole eligibility assuming that no good time for which the offender will be eligible is lost; and
>
> (ii) Advise the offender on the record the time the offender will serve on his or her maximum term before attaining mandatory release assuming that no good time for which the offender will be eligible is lost.

Here, the court did not provide a complete truth in sentencing advisement to Whitaker. Rather than advising of when Whitaker would be eligible for parole and then mandatory release, the court imposed a sentence of 13 to 14 months' imprisonment and then simply stated that "there would just be one month of parole eligibility." Because Whitaker did not object to this incomplete truth in sentencing advisement, however, he has waived any error. Generally, where no objection is made at a sentencing hearing when a defendant is provided an opportunity to do so, any claimed error is waived and is not preserved for appellate review. *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013). See *State v. Svoboda*, 13 Neb. App. 266, 690 N.W.2d 821 (2005) (defendant waived appellate review of contention that sentencing court erroneously failed to make truth in sentencing advisement, where defendant was provided with opportunity to object at time sentence imposed and failed to do so). Despite Whitaker's assertions to the contrary, a review of the record shows that he had the opportunity to advise the court that it did not make a truth in sentencing advisement after it had imposed sentence. The court asked whether Whitaker's attorney had any questions about the court's sentencing order, and after stating that he did not, Whitaker's attorney inquired about Whitaker's entitlement to jail credit. Clearly, his attorney had the opportunity to bring the matter to the court's attention.

Next, Whitaker argues that the district court failed to comply with § 29-2204.02(3), which states that "[i]f a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided in subsection (1) of this section." As set forth in the preceding analysis section, because

Whitaker was being sentenced consecutively to the sentence for a Class II felony that had been imposed in the Dakota County case, the court was not required to sentence him to a term of probation for the Class IV felony offense in this case. See § 29-2204.02(2)(a). And, in reviewing the court's statements both from the bench and in its sentencing order, which we set forth above, we find that it sufficiently stated its reasons for not granting probation. The court may fulfill the requirement of § 29-2204.02(3) to state its reasoning on the record by a combination of the sentencing hearing and sentencing order. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

Finally, with respect to the district court's failure to advise Whitaker of his right to appeal the sentence, he waived any error in that regard by failing to bring it to the court's attention at the time. See *State v. Pereira, supra*. Further, since Whitaker has perfected a timely direct appeal of his sentence, he was not prejudiced by any error by the court in not advising him of his right to do so.

*Ineffective Assistance of Counsel.*

Whitaker asserts that he received ineffective assistance of trial counsel. He is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020). This is because the trial record reviewed on appeal is generally devoted to issues of guilt or innocence and does not usually address issues of counsel's performance. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Weathers, supra*. An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Sierra, supra*.

When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal. *State v. Weathers, supra*. In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id.* An ineffective assistance of counsel claim made on direct

appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sierra, supra*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Weathers, supra*.

Turning to Whitaker's specific assertions, he first asserts that his trial counsel was ineffective for failing to file a motion to suppress statements he made to the Nebraska State Patrol officer who spoke with him at the hospital in Iowa. He argues that the investigation of him by Nebraska law enforcement "outside of their jurisdiction in Sioux City" was inconsistent with their jurisdictional authority as set forth in Neb. Rev. Stat. § 29-215 (Reissue 2016) (concerning territorial limits for law enforcement officers, including fresh pursuit and authority to arrest and detain suspects under certain circumstances). This section is inapplicable to the situation here, where the officer was conducting a consensual interview with Whitaker in the hospital in Iowa and neither detained nor arrested him there.

Whitaker also argues that his statements to law enforcement should have been suppressed because he was in the hospital at the time of the contact and receiving treatment and medications and thus not able to knowingly and intelligently communicate with the officer. The Nebraska Supreme Court has stated:

> To overcome a motion to suppress, the prosecution has the burden to prove by a preponderance of the evidence that incriminating statements by the accused were voluntarily given and not the product of coercion.
>
> In determining whether an accused's statement was given freely and voluntarily, courts examine police conduct in light of the totality of the circumstances, including the tactics used by the police and the details of the interrogation. . . . [R]elevant factors include any characteristics of the accused known to police, which might cause his or her will to be easily overborne, such as a defendant's mental state or intoxication.
>
> . . . .
>
> While intoxication is relevant to determining whether police conduct amounted to coercion, "[i]ntoxication does 'not automatically render a confession involuntary. . . .'"

(Citations omitted.) *State v. Hernandez*, 299 Neb. 896, 913, 911 N.W.2d 524, 540 (2018) (rejecting appellant's assertion that statements made in video interview were not voluntary for purposes of Fifth Amendment because they were made while under influence of methamphetamine). Although the record reveals that Whitaker showed signs of being under the influence of drugs or alcohol, he does not argue, nor does the record show, that law enforcement engaged in any overreaching or coercive conduct while speaking to him in the hospital.

Additionally, Whitaker argues that the failure to file a motion to suppress could not be considered a reasonable trial strategy and that excluding his statements would have significantly weakened the State's case. However, a review of the PSR shows that the information Whitaker gave the patrol officer could have been presented at trial from multiple other sources. Because a motion to suppress on this basis would not have succeeded, his counsel was not ineffective for failing to file one. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

Next, Whittaker asserts that his trial counsel was ineffective for failing to bring the matter to trial. In support of this assertion, he only argues, "In light of the fact that a motion to suppress was not pursued, [Whitaker] was encouraged to take a plea agreement, and abandon a trial." Brief for appellant at 25. Citing a statement in the PSR, he argues, "After all, [he] acknowledged that he 'wanted to argue the legal details of my case[,'] including pursuing a trial." *Id.* The PSR in this case was an updated version of the PSR created for the Dakota County case, and thus, it included all material prepared for the Dakota County case. The statement to which Whitaker refers is found in a letter from him to the probation officer dated December 23, 2018, and clearly refers to his desires with respect to the Dakota County case. Whitaker has not shown a reasonable probability that he would have insisted on going to trial. Self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). And, as we found above, a motion to suppress would not likely have been successful and there is a reasonable probability that Whitaker would have still pursued a plea agreement.

Finally, Whitaker asserts that his trial counsel was ineffective for failing to object to "the above assigned errors." Brief for appellant at 5. He argues his counsel was ineffective for failing to object and thereby waiving appellate review of the inadequacy of the district court's truth in sentencing advisements, the court's failure to grant probation, and its failure to comply with § 29-2204.02(3). Whitaker did not waive his right to argue that the court should have granted him probation, and we have already discussed the fact that the court was not required to do so, did not abuse its discretion in failing to do so, and properly stated its reasoning on the record. Nor can Whitaker show prejudice from any failure on the part of his trial counsel to bring the incomplete truth in sentencing advisement to the court's attention. Had his attorney done so, the court would have simply advised Whitaker of his parole and release eligibility. The sentence imposed by the court was not ambiguous in any way. The meaning of a sentence is, as a matter of law, determined by the contents of the sentence itself. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). A trial judge's incorrect statement regarding time for parole eligibility is not part of the sentence and does not evidence ambiguity in the sentence imposed. *Id.*

CONCLUSION

The district court did not abuse its discretion in sentencing Whitaker, and his claims of ineffective assistance of trial counsel are affirmatively refuted by the record. Accordingly, we affirm his conviction and sentence.

AFFIRMED.