IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CIMENO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SCOTT D. CIMENO, APPELLANT.

Filed July 22, 2025.    No. A-25-074.

Appeal from the District Court for Seward County: JAMES C. STECKER, Judge. Affirmed.

Chad Wythers, of Wythers Law Firm, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Scott D. Cimeno appeals the sentence imposed by the district court for Seward County following his plea-based conviction for attempted possession of marijuana with intent to distribute. He claims that the court should have granted his motion to continue the sentencing hearing, allowing him more time to complete a drug and alcohol evaluation. Based on the reasons that follow, we affirm Cimeno's sentence.

## BACKGROUND

Pursuant to a plea agreement, Cimeno entered a guilty plea to attempted possession of marijuana with intent to distribute, a Class IIIA felony. The State provided the following factual basis to support Cimeno's plea:

[O]n May 29, 2024, Deputy Mejstrik of the Seward County Sheriff's Office made a traffic stop of a vehicle on Interstate 80.

- 1 -

He contacted the driver who was identified as Brandon Warren. Mr. Cimeno was a front seat passenger of the vehicle. During the traffic stop, Mejstrik smelled the odor of marijuana and became suspicious that there was criminal activity occurring. He did conduct a search of the vehicle and located several large black garbage bags, as well as duffle bags, containing various amounts of shrink-wrapped marijuana.

The total weight was approximately 179 pounds. A sample of that was sent to the state patrol crime lab and did test positive and confirmed to be marijuana. The amount of which would be consistent with the intent to distribute.

Those events occurred in Seward County, Nebraska.

After the State recited the factual basis, Cimeno confirmed to the district court that he still wished to plead guilty. The court accepted Cimeno's plea, finding that it was entered freely, knowingly, voluntarily, and intelligently, and found him guilty of attempted possession of marijuana with intent to distribute. The court ordered a presentence investigation report (PSI) and a substance abuse evaluation and set a date for sentencing. The court also told Cimeno that his attorney and the probation office could assist him in obtaining a substance abuse evaluation.

A few days prior to the sentencing hearing, Cimeno filed a motion to continue the hearing, requesting additional time and/or resources to obtain a substance abuse evaluation. He alleged that he was living out of state and "unable to obtain a substance abuse evaluation as he is homeless and living in his vehicle." At the sentencing hearing, Cimeno's counsel stated Cimeno could not financially afford to pay for the evaluation. Counsel further stated he had suggested to Cimeno that his probation officer could give him a voucher even if he lived out of state or make "some sort of arrangements" for him to get a drug and alcohol evaluation.

The district court overruled Cimeno's motion, stating:

[A]t the time I took the plea, I ordered the [PSI]. You were told to obtain a substance abuse evaluation and that probation and your attorney could assist you.

It's evident to me from the comments, that you did not follow through with what I told you because you didn't talk to probation. If there was a voucher available, you would know about it and you could have been held [sic] by it, but you didn't. So the motion to continue will be denied.

After the district court denied Cimeno's motion to continue, arguments were presented to the district court regarding the appropriate sentence to be imposed. In his comments, Cimeno told the court that he "did not complete what was asked of [him] because [he was] financially . . . in a struggle[,]" and that he "should have just went to probation sooner."

The district court sentenced Cimeno to 18 months' imprisonment, to be followed by 12 months' post-release supervision.

## ASSIGNMENT OF ERROR

Cimeno assigns that the district court erred in denying his motion to continue the sentencing hearing to allow him additional time to obtain a drug and alcohol evaluation.

STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Abligo*, 312 Neb. 74, 978 N.W.2d 42 (2022). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

Cimeno assigns that the district court erred in denying his motion to continue the sentencing hearing. He argues the court failed to consider that he was unable to pay for the drug and alcohol evaluation and contends a voucher was not available from probation because he lived out of state. He claims he had a constitutional right to payment and access to a drug and alcohol evaluation, and the court should have continued the sentencing hearing and provided financial resources for the evaluation.

We conclude that Cimeno's assigned error fails both because he was not prejudiced by the district court's denial of his motion to continue, and because his motion to continue was based upon the nonoccurrence of events within his own control.

First, Cimeno was not prejudiced by the district court's denial of his motion to continue. A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

In *State v. Baxter, supra*, the Nebraska Supreme Court analyzed whether the district court abused its discretion in denying Baxter's motion to continue that was made a week prior to her sentencing hearing. Baxter, convicted of several drug related crimes, sought a continuance so she could complete a drug and alcohol evaluation. *Id.* On appeal, Baxter argued that without the drug and alcohol evaluation, the court did not have "all available and relevant information about her substance abuse issues." *Id.* at 499, 888 N.W.2d at 730-31.

In its decision, the Supreme Court found the district court did not abuse its discretion because Baxter did not suffer any prejudice and the completion of the substance abuse evaluation, or lack thereof, was within her control. *Id.* Regarding the lack of prejudice, the court stated that Baxter's PSI already included ample information regarding her substance abuse issues. *Id.* The court rejected Baxter's argument that without the evaluation the district court was relying upon incomplete information because Baxter did not specify what information the PSI was currently lacking or how the information from the substance abuse evaluation would affect the district court's sentencing decision. *Id.*

Here, as in *Baxter*, Cimeno does not specify how the drug and alcohol evaluation might have affected the court's sentencing decision. Without any information regarding how the evaluation results would have impacted the court's sentencing decision, we are unable to conclude that Cimeno was prejudiced by the district court denying his motion.

Additionally, in *Baxter*, the Supreme Court noted that at the sentencing hearing, Baxter had the opportunity to present information or argument regarding her substance abuse issues. *Id.* Cimeno had the same opportunity here. At that time, he only stated he did not complete the evaluation because of his financial struggles and he should have talked to probation about the

evaluation sooner. Cimeno cannot establish that he was prejudiced by the district court's denial of his motion to continue.

Cimeno's assignment of error also fails because his motion to continue was based upon the nonoccurrence of events within his own control. In *State v. Baxter, supra*, the court stated "[w]here the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion." *Id.* at 500, 888 N.W.2d at 731. The court found Baxter to be, at least, partially responsible for the incompletion of the substance abuse evaluation because she missed several scheduled appointments with her probation officer.

Cimeno contends that this rule does not apply in this case because his failure to be able to pay the costs associated with the evaluation was not within his own control. As stated above, Cimeno admitted at sentencing that he should have gone to probation sooner. And as the district court said in its comments denying Cimeno's motion to continue, "[i]t's evident to me from the comments, that you did not follow through with what I told you because you didn't talk to probation. If there was a voucher available, you would know about it and you could have been held [sic] by it, but you didn't." Accordingly, if Cimeno could not afford to pay for his evaluation, there may have been other options available to him but he did not ask his counsel or probation what options existed. The delay in completing the evaluation, like the delay in *Baxter*, was based upon the nonoccurrence of events within Cimeno's control.

Having found that Cimeno was not prejudiced, and that the nonoccurrence of the evaluation was within his control, the district court did not abuse its discretion in denying his motion to continue. Cimeno's lone assignment of error fails.

## CONCLUSION

For the reasons stated above, the district court did not abuse its discretion in denying Cimeno's motion to continue the sentencing hearing. Accordingly, his sentence is affirmed.

AFFIRMED.